# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

CAROL L. FULLER                                                          PLAINTIFF

v.                                          4:07-CV-01120-WRW

FIBER GLASS SYSTEMS, LP                                              DEFENDANT

## ORDER

Pending is Defendant's Motion in Limine (Doc. No. 39). Plaintiff has responded.[1] After reviewing all pleadings, motions, and responses, I rule as follows:

1.   Defendant's Motion in Limine No. 1 is DENIED. Defendant is directed to provide Plaintiff's counsel with a plain language financial statement which can be understood by a reasonably bright lawyer who is not a trained accountant. This statement should be provided forthwith on a confidential basis. Plaintiff's counsel is directed to maintain this confidence unless and until we get to a point at the trial where I think the financial statement should be admitted into evidence.

2.   Defendant's Motion No. 2 is DENIED.

3.   Defendant's Motion in Limine No. 3 is DENIED. Defendant should forthwith explain why it refused to provide the qualifications of the person who was selected for the Administrative Assistant position that Plaintiff sought. The qualifications should be provided forthwith, regardless of whether the position was actually filled.  I realize there still is a dispute on this point.

4.   Defendant's Motion in Limine No. 4 is DENIED. If Plaintiff has evidence admissible under the Federal Rules of Evidence that there were similar acts of discrimination that occurred

---

[1]Doc. No. 42.

at Defendant's facility in Little Rock, she may offer same, regardless of whether she has no

personal knowledge of it.

5.  Defendant's Motion in Limine No. 5 is DENIED. As I understand the law, Plaintiff is

entitled to introduce evidence of <u>all</u> discriminatory comments which are relevant to her hostile

work environment claim.[2]

6.  Defendant's Motion in Limine No. 6 is DENIED.  It appears that Plaintiff is entitled

to introduce the testimony of Mr. Floyd Beavers.

7.  Defendant's Motion in Limine No. 7 is DENIED. Neither side has given me any

citations on this point, and, if either side has citations they should be sent to me forthwith (like

today or tomorrow).

8.  Defendant's Motion in Limine No. 8 is DENIED.

9.  It appears that Defendant's Motion in Limine No. 9 should be denied, but I will wait

until I hear Plaintiff's foundation evidence before deciding the issue.

10.  Defendant's Motion in Limine No. 10 is DENIED. If Plaintiff has evidence that the

position was, in fact, filled, then she can introduce same.

11.  Defendant's Motion in Limine No. 11 is GRANTED.

12.  Defendant's Motion in Limine No. 12 is GRANTED only with respect to any

evidence of retaliation.

13.  Defendant's Motion in Limine No. 13 is DENIED.

14.  Defendant's Motion in Limine No. 14 is held in abeyance until we see how this

testimony develops at trial.

---

[2]See *Williams v. ConAgra Poultry Co.*, 378 F.3d 790, 794 (8th Cir. 2004).

15.  Defendant's Motion in Limine No. 15 is DENIED. Apparently, Dr. Carl Johnson will testify to this effect, and Plaintiff is permitted to testify on this point herself.[3]

16.  Defendant's Motion in Limine No. 16 is GRANTED.

17.  Since I ruled Plaintiff was not constructively discharged from employment by Defendant,[4] it appears that "the only damages available would be non-pecuniary damages for the two-month period she alleges to have been the victim of harassment."[5] In a March 25, 2009, Order, I reserved my ruling on the backpay issue and allowed Plaintiff to brief the issue. Plaintiff concedes that she is not entitled to receive backpay after the date of her voluntary termination.[6] However, Plaintiff contends that she should be allowed to receive back pay for being denied the Administrative Assistant position.[7] She argues that "[i]f the evidence demonstrates that the position paid more than what the plaintiff was making on the manufacturing side, then the plaintiff should be entitled to receive back pay, assuming of course she prevails on her claim."[8] I agree. Accordingly, Plaintiff is not entitled to backpay after the date of her termination, but she may seek backpay from November, 2006 until May, 2006, if she prevails on her Title VII failure to hire claim.

18.  The above rulings are definitive, unless the language suggests otherwise.

IT IS SO ORDERED this 9th day of April, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3]*Kim v. Nash Finch Company*, 123 F.3d 1046, 1065 (8th Cir. 1997).

[4]Doc. No. 37.

[5]Doc. No. 38.

[6]Doc. No. 43.

[7]*Id.*

[8]*Id.*