**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CAROL L. FULLER                                                                                PLAINTIFF

v.                                             4:07-CV-01120-WRW

FIBER GLASS SYSTEMS, LP                                                           DEFENDANT

<u>ORDER</u>

Pending is Plaintiff's Motion for Attorney Fees and Costs.[1]  Defendant has responded.[2]

## I.      BACKGROUND

On February 12, 2008, Plaintiff, Carol L. Fuller, filed an Amended Complaint bringing

claims for hostile work environment, disparate treatment, and retaliation under 42 U.S.C. § 1981

against Defendant, Fiber Glass Systems, LP.[3]  Plaintiff also sought punitive damages.[4]

Defendant filed a Motion for Summary Judgment seeking dismissal of Plaintiff's claims

in their entirety.[5]  I entered an Order granting in part and denying in part Defendant's Motion for

Summary Judgment.[6]  I dismissed Plaintiff's retaliation claim, but allowed her disparate

treatment and hostile work environment claims to proceed to trial.[7]

---

[1]Doc. No. 131.

[2]Doc. No. 135.

[3]Doc. No. 13.

[4]*Id.*

[5]Doc. No. 20.

[6]Doc. No. 37.

[7]*Id.*

Plaintiff's retaliation and disparate treatment claims were tried to a jury.  The jury returned a verdict finding in favor of Defendant on the race discrimination claim and in favor of Plaintiff on both hostile work environment claims.[8]

The issue of punitive damages was presented to the jury, but the jury deadlocked and I declared a mistrial on punitive damages.  The parties were directed to participate in a settlement conference, which was unsuccessful.[9]  Plaintiff then filed a Motion to Withdraw Punitive Damages, which was Court granted.[10]

A final judgment on the jury verdict was entered on June 24, 2009.[11]  Plaintiff was awarded a total of $65,000: the sum of $35,000 on the race harassment by a supervisor claim, and $30,000 on the race harassment by a non-supervisor claim.[12]

II.     DISCUSSION

A.      Fees

Plaintiff and Defendant disagree about the appropriate amount of fees to be awarded Plaintiff under 42 U.S.C. § 1988.  Defendant argues that Plaintiff's attorney fees should be reduced because she "only obtained partial success."[13]  The jury found in favor of Plaintiff on the hostile work environment claims, but found in favor of Defendant on the race discrimination claim, deadlocked on the issue of punitive damages, and Plaintiff's original retaliation claim was

---

[8]Doc. No. 90.

[9]Doc. Nos. 94, 108.

[10]Doc. Nos. 125, 129.

[11]Doc. No. 130.

[12]*Id.*

[13]Doc. No. 135.

dismissed.  Defendant "suggests that a 50% reduction would be reasonable [because] Plaintiff only prevailed on one of several claims."[14]

Plaintiff responds that this is not a "partial success" because Plaintiff achieved her primary goal of proving that she was a victim of discrimination.[15]  And, that it would be improper for me to reduce the fee award because the various claims raised relied on a common core of facts, and were based on related legal theories underlying her discrimination claim.[16] Among the cases Plaintiff cites in support of this argument is *Wal-Mart Stores, Inc. v. Barton*.[17]

In *Barton*, a jury awarded the plaintiff $25,000 actual damages on a sexual harassment claim against Wal-Mart, but Plaintiff was unsuccessful on five other claims.[18]  In making its fee award, the district court reduced the total fee award by twenty percent for lack of success.[19]  On appeal, Wal-Mart argued that the district court abused its discretion by not reducing the fee award further.[20]  The Eighth Circuit found that the district court had not abused its discretion and affirmed the district court order.[21]  It reasoned that, in some cases,

---

[14]Doc. No. 135. I note, however, that Plaintiff actually prevailed on two of several claims.

[15]Doc. No. 132.

[16]*Id.*

[17]*Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770 (8th Cir. 2000).

[18]*Id.* The five unsuccessful claims included summary judgment findings against the plaintiff on pendent state claims of assault and battery, and outrage. At the close of plaintiff's case, the court also granted judgment as a matter of law in favor of defendant on both a negligent retention claim and  a constructive discharge claim. Finally, the jury found in favor of defendant on a retaliation claim.

[19]*Id.*

[20]*Id.*

[21]*Id.*

the plaintiff's claims for relief will involve common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.[22]

The Eighth Circuit noted that plaintiff Barton was successful on the claim "at the heart of her case, namely her . . . sexual harassment claim," that she won "a substantial judgment . . . in the amount of $25,000," and, even though she was not successful on all of her other claims, "her success may nonetheless be considered significant, in light of the fact that the jury's verdict on her core claim . . . vindicat[ed] important personal rights . . . [and] also further[ed] the public's interest in providing a fair playing field in the work world."[23]

Here, Plaintiff's counsel uses similar language to argue that, because his client vindicated her civil rights, she did not obtain only "partial success," and so it would be "improper for [this] court to reduce [counsel's] fee award."[24]  Plaintiff's counsel combines two issues that are worth keeping separate.

First, Plaintiff's counsel is correct in arguing that his client was successful in vindicating her personal rights by proving that she was the victim of discrimination by Defendant.  And, there is no doubt that the resulting jury award of $65,000 is a significant victory to that end. Equally as important is the public interest Plaintiff advanced through her efforts, having helped to provide a fairer playing field in the work world.  In these terms, Plaintiff's personal success is in no way partial.

---

[22]*Id.* (quoting Hensley *v. Eckerhart*, 461 U.S. 424, 433 (1983))

[23]*Barton*, 223 F.3d at 773 (internal quotes and citations omitted).

[24]Doc. No. 132.

However, the question of whether Plaintiff was successful in vindicating her civil rights is separate from the issue of whether the expenditure of counsel's time was reasonable in relation to his client's successes.  In *Barton*, as here, the plaintiff was successful in vindicating her rights.  Still, plaintiff's counsel in *Barton* took it upon herself to reduce the amount of fees initially requested of the district court based on lack of success of other claims.[25]  Further, the district court reduced the attorneys' requested support staff rates, and subtracted hours spent in duplicative work, before finally reducing the total fee award by twenty percent based on lack of success.[26]

In other words, even when a plaintiff achieves their primary goal vindicating their civil rights, but has lost some claims in the action, the awarded attorneys' fees may still be reduced as is reasonable.  And, when those claims involve a common core of facts and legal theories such that the court cannot separate out which hours were billed for which issues, as is the case here, the court "may simply reduce the award to account for the [plaintiff's] limited success."[27]

No doubt Plaintiff's counsel was instrumental to his client's success in vindicating her civil rights.  As Plaintiff's counsel notes, it is sometimes difficult for clients to find experienced and capable lawyers to take on cases like this one.[28]  And, Plaintiff's counsel worked hard and obtained substantial results for his client.  Accordingly, he is entitled to reasonable attorney's fees under 42 U.S.C. § 1988.

---

[25]*Barton*, 223 F.3d at 773.

[26]*Id.*

[27]*Warnock v. Archer*, 397 F.3d 1024, 1026 (8th Cir. 2005) (quoting *Hensley*, 461 U.S. at 436-37).

[28]Doc. No. 132.

Plaintiff lost one claim (retaliation) on summary judgment, the jury found in favor of

Defendant as to one claim (race discrimination), and the jury found for Plaintiff as to two claims

(each race harassment claims).[29]  Plaintiff's counsel seeks attorney fees totaling $94,712.50.[30]

Defendant requests those fees be reduced by 50% based on Plaintiff's limited success.  I find that

a 25% reduction in billed hours results in reasonable fees when calculated at the reasonable

billable rate of $225.00 per hour.[31]

### B.    Costs

Plaintiff requests costs in the amount of $1,910.84.  Defendant objects to paying the costs

associated with scanning documents, trial supplies, medical records, and postage to serve the

complaint.[32]  Defendant argues these costs are inappropriate under 28 U.S.C. §§ 1920-29.[33]

Plaintiff argues these costs do come within 28 U.S.C. § 1920.

I believe, however, that some "costs" that are not available under 28 U.S.C. § 1920 are

recoverable as "reasonable out-of-pocket expenses of the kind normally charged to clients by

---

[29]Doc. Nos. 34, 90.

[30]Doc. No. 131.

[31] I performed this calculation keeping in mind various billing "issues" presented in
Plaintiff's fee request. For example, billing for billing - especially at $250 per hour -- is
inappropriate (Doc. No. 131. Exhibit C). Similarly, Plaintiff billed 0.40 hours ($100) for having
"went on-line and downloaded supplemental responses," and 0.10 hours ($25) for faxing a letter
to opposing counsel (Doc. No. 131., Exhibit C). These are not apparently legal services at all, but
clerical services. In sum, the 33% reduction in billable hours reflects not only my judgment
accounting for Plaintiff's limited success, but also for Plaintiff's limited and sometimes
questionable billing records.
On the other hand, not included in my calculations are some of Defendant's suggestions.
For example, Defendant over-reaches by suggesting that Plaintiff's counsel improperly billed for
the time he spent at the court-ordered settlement conference (Doc. No. 135).

[32]Doc. No. 135.

[33]*Id.*

attorneys, and thus should [be] included as part of the reasonable attorney's fees award."[34]  I believe Plaintiff's disputed costs are this sort of expense.  Accordingly, Plaintiff is awarded the full $1,910.84. And, because these expenses are low relative to the size of this action, I make no deductions for limited success against this amount.

### C.     Award

The attorneys' fee award is computed as 284.14 hours (25% of requested hours) @ $225, for a total of $63,930.94.  The total attorneys' fee award, including Mr. Porter's costs and expenses of $1,910.84, is $65,841.78.

### CONCLUSION

Plaintiff's Petition for Attorneys' Fees and Expenses is GRANTED, and Plaintiff is entitled to attorney fees and expenses, paid by Defendant, in the amount of $65,841.78.

IT IS SO ORDERED this 23rd day of September, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[34]*Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) (per curiam) (citations omitted).